UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>  Plaintiff,<br><br>  v.<br><br>SAN JOAQUIN COUNTY, SHERIFF STEVE MOORE, and DANNY SWANSON,<br><br>  Defendant. | No. 2:18-cv-00667-TLN-AC<br><br>**ORDER** |

This matter involves allegations of constitutional violations brought by an inmate. (*See* ECF No. 1.) Plaintiff Jane Doe ("Plaintiff") filed the instant complaint by using a pseudonym and not her legal name. The Court issued an Order to Show Cause as to why the complaint should not be stricken for failure to offer a reason for allowing Plaintiff to proceed under a pseudonym. (ECF No. 2.) Plaintiff filed a response on the same day the Court issued the Order to Show Cause. (ECF No. 3.)

In this circuit, the Court allows parties to use pseudonyms in the "unusual case" when nondisclosure of the party's identity "is necessary... to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (citing *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir.1981)). The Ninth Circuit held "a party may preserve his or her anonymity in judicial

1

proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068. Where a court determines a pseudonym is used to shield the plaintiff from retaliation, the court must evaluate the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous person's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id.*

Plaintiff's argument is severely deficient and fails to even consider the necessary factors as outlined by the Ninth Circuit. Plaintiff's Counsel reiterated the law the Court cited in the Order to Show Cause and discusses possible harassment, injury, and ridicule. However, it is apparent that Counsel did not review the case cited. Had he done so, Counsel would understand the Court must balance the prejudice to both parties and the public. In reaching such an understanding, Counsel would most certainly have discussed any possible prejudice to Defendants and the public. Additionally, Counsel would have put forth facts for each of the three factors the Court must consider when a plaintiff fears retaliation. As it is, the Court can only say that given the facts as presented by Counsel, Plaintiff appears to be particularly vulnerable to harm. Meeting one factor in the balancing test is insufficient and this Court cannot reasonably determine this matter based on Counsel's submission.

The Court recognizes the nature of the allegations are personal and that if there is a threatened harm, Plaintiff is particularly vulnerable. With this in mind the Court denies the motion without prejudice. Plaintiff is afforded seven (7) days from the date of this order to file a response to the Order to Show Cause that thoroughly reviews the balancing test and retaliation factors as outlined in *Does I through XXIII v. Advanced Textile Corp*.

IT IS SO ORDERED.

Dated: April 4, 2018

Troy L. Nunley
United States District Judge