UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>SAN JOAQUIN COUNTY, SHERIFF STEVE MOORE, and DANNY SWANSON,<br><br>    Defendants. | No. 2:18-cv-00667-TLN-AC<br><br>**ORDER** |

This matter involves allegations of constitutional violations brought by an inmate. (See ECF No. 1.) Plaintiff Jane Doe ("Plaintiff") filed the instant complaint by using a pseudonym and not her legal name. The Court issued an Order to Show Cause as to why the complaint should not be stricken for failure to offer a reason for allowing Plaintiff to proceed under a pseudonym. (ECF No. 2.) Plaintiff filed a response on the same day the Court issued the Order to Show Cause. (ECF No. 3.) The Court denied the response without prejudice and ordered Plaintiff to respond with more information within seven days of the order. (ECF No. 4.)

In this circuit, the Court allows parties to use pseudonyms in the "unusual case" when nondisclosure of the party's identity "is necessary... to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000) (citing *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th

1

Cir.1981)).  The Ninth Circuit held "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity."  *Id.* at 1068.  Courts have generally allowed parties to proceed under a pseudonym in three instances: (1) when identification creates a risk of retaliation; (2) where it is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and (3) where the party is compelled to admit an intention to engage in illegal conduct.  *Id.*  Where a court determines a pseudonym is used to shield the plaintiff from retaliation, the court must evaluate the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous person's fears; and (3) the anonymous party's vulnerability to such retaliation.  *Id.*

Plaintiff alleges sexual assault claims within her complaint.  (ECF No. 1.)  "Upon consideration of the appropriate public-policy and privacy concerns, the district courts of this circuit uniformly allow plaintiffs alleging sexual assault to proceed under pseudonyms."  *N.S. by and through Marble v. Rockett*, 2017 WL 1365223, at * 2 (D. Or. Apr. 10, 2017) (collecting cases).  Thus, based on the complaint, Plaintiff has a strong interest in anonymity.

As to prejudice to the Defendants, Plaintiff contends Defendants are aware of her identity as she disclosed her identity when she filed an inmate grievance for the same acts alleged in the complaint.  (ECF No. 5 at 6.)  Thus, the Court finds little prejudice to Defendants where Defendants are fully aware of the identity of their adversary.

Finally as to the public's interest, Plaintiff concedes the public has an interest in her identity but also contends there is a strong public interest in encouraging victims of sexual assault and harassment to come forward.  (ECF No. 5 at 6.)  Plaintiff further argues the orders and decisions of the Court will still remain public, but will simply exclude her name.  (ECF No. 5 at 6.)  Courts have found "the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs the public's interest in disclosing Plaintiff's identity."  *Doe v. Penzato*, 2011 WL 1833007, at * 5 (C.D. Cal. May 13, 2011).  The Court agrees with the court in *Penzato* and finds the public's interest in this matter is best served by anonymity.  Further, the Court does find allowing Plaintiff to use a pseudonym in the instant matter is necessary to

preserve privacy in a matter of a sensitive and highly personal nature.

For the forgoing reasons, the Court finds Plaintiff's need for anonymity outweighs the prejudice to Defendants and the public's interest in knowing Plaintiff's identity. Accordingly, Plaintiff is permitted to proceed under a pseudonym. The Clerk of Court is directed to issue summons in this matter.

IT IS SO ORDERED.

Dated: April 17, 2018

Troy L. Nunley
United States District Judge